

# NUMBER 13-20-00026-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,** Appellant,

**v.**

**EDWARD JEROME HUFF,** Appellee.

### On appeal from the 272nd District Court of Brazos County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Order Per Curiam

This cause is before the Court on its own motion. Having reviewed the documents on file, this Court has determined that this cause was reinstated prematurely. Our February 23, 2022 order of abatement remanded to the trial court to determine the feasibility of a retrospective competency inquiry given the passage of time, availability of

evidence, and any other pertinent considerations. *See Turner v. State*, 422 S.W.3d 676, 696 (Tex. Crim. App. 2013) (citing 43 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 31:81, at 89–90 & n.10 (3d ed. 2011)). The trial court has complied with this directive, determining that a competency hearing is feasible. As such, on remand, the trial court is instructed to conduct an informal inquiry into Edward Jerome Huff's competency to stand trial. If the informal inquiry establishes that there is some evidence of incompetency, the trial court shall conduct a formal competency trial. It is hereby ORDERED that the supplemental clerk's record and the supplemental reporter's record of the trial court's proceedings on remand shall be filed with this Court on or before ninety days from the date of this order for reinstatement of this appeal. *See Bautista v. State*, 605 S.W.3d 520, 530–31 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

We abate this appeal and remand to the trial court for proceedings consistent with this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of January, 2023.

2